*E-FILED: March 9, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE,<br><br>    Plaintiff,<br><br>  v.<br><br>BENJAMIN E. HONRADE, ANITA Q. HONRADE; and DOES 1 through 100, inclusive,<br><br>    Defendants.<br>_____/ | No. C12-01146 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

    Pro se defendants Benjamin and Anita Honrade removed this unlawful detainer case from the Santa Clara County Superior Court. For the reasons stated below, the undersigned recommends that this action be summarily remanded to the state court.

    Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

    Defendants have failed to show that removal is proper based on any federal substantive

law. In their notice of removal, defendants assert that their federal constitutional rights have been violated. Specifically, they seem to object to the entry of summary judgment against them in state court. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. The record indicates that plaintiff's complaint presents claims arising only under state law and does not allege any federal claims whatsoever. Defendants' allegations in a removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction.

Defendants do not establish diversity jurisdiction. In any event, the complaint indicates that the amount demanded does not exceed $10,000. Moreover, as California defendants, the Honrades cannot remove this action to federal court under diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge grant plaintiff's motion and remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

SO ORDERED.

Dated: March 9, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1   5:12-cv-01146-HRL Notice has been electronically mailed to:

2   Amy Elizabeth Starrett    astarrett@jandalegal.com

3   5:12-cv-01146-HRL Notice sent by U.S. Mail to:

4   Benjamin E. Honrade
    4126 Horizon Lane
5   San Jose, CA 95148

6   Anita Q. Honrade
    4126 Horizon Lane
7   San Jose, CA 95148

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California